UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Thomas Russell Boardman,

    Petitioner,

v.

Jeffrey A. Uttecht,

    Respondent.

CASE NO. 3:19-cv-05328-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 26, 2019

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Thomas Russell Boardman filed his federal habeas Petition on April 11, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice. The Court also recommends denying all pending motions (Dkts. 11, 16) as moot without prejudice.

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for rape of a child in the first degree. Dkt. 14-1. Petitioner was

sentenced on October 29, 2018 to a minimum term of 123 months of incarceration. *Id.* Petitioner did not appeal his judgment and sentence in state court. *Id.*; Dkt. 1. Petitioner filed this Petition on April 11, 2019. Dkt. 1.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 1. On June 3, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 13. Respondent maintains the Petition should be denied without prejudice for failure to exhaust state remedies. Dkt. 13. Petitioner filed a Traverse. Dkt. 15.

## DISCUSSION

### I.    Exhaustion

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, Petitioner challenges his 2018 judgment and sentence. Dkt. 1. He acknowledges in the Petition he has not filed a direct appeal and has not sought further review by a higher state court. Dkt. 1 at 2-3; Dkt. 14-1. Because the state courts have not yet had a full and fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted and

therefore ineligible for federal habeas review.[1] *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

## II. Available State Remedies

Respondent maintains there is a state remedy available, and thus, the Petition should be dismissed without prejudice. Dkt. 13 at 3. If there is a state remedy available, Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993).

Here, Petitioner has an available state remedy. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, Petitioner did not file a direct appeal, thus, his judgment became final for purposes of state law on October 29, 2018, the date it was filed with the clerk of the trial court. Dkt. 14-1; RCW § 10.73.090(3)(a). Petitioner has one year from the date the judgment became final, or until October 29, 2019, to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a). Thus, Petitioner still has approximately four months from the date of this Report and Recommendation to file a petition or motion for post-conviction relief in state court.

---

[1] Respondent acknowledges the Petition is not a mixed petition, and argues Petitioner failed to exhaust *all* his claims. Dkt. 13 at 4.

1    In the Traverse, Petitioner contends it is not appropriate for him to exhaust his state
2 remedies because the Petition is a "[c]onstitutional challenge of state action" and the federal
3 district court has original jurisdiction. Dkt. 15 at 1-2.  The Court may consider an unexhausted
4 federal habeas petition if it appears "there is an absence of available State corrective process . . . or
5 circumstances exist which render such process ineffective to protect the rights of the applicant." 28
6 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is an absence of available state
7 corrective processes or that circumstances exist rendering any state process ineffective. Rather,
8 Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional
9 authority. Accordingly, the Court finds Petitioner has not shown there are no state court remedies
10 available to him.

11    Petitioner failed to properly exhaust his state remedies and state remedies remain available
12 to him. Accordingly, the undersigned recommends the Petition be dismissed without prejudice.
13 *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

14                              **EVIDENTIARY HEARING**

15    The decision to hold an evidentiary hearing is committed to the Court's discretion.
16 *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a
17 hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
18 entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is
19 available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
20 state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not
21 entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the
22 record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
23 court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to
24

1  hold an evidentiary hearing in this case because, as discussed in this Report and

2  Recommendation, the Petition may be resolved on the existing state court record.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

### OTHER PENDING MOTIONS

Petitioner also filed a Motion Requesting the Court Rule on the Petition ("Motion to Rule on the Petition") (Dkt. 11) and Motion for Summary Judgment (Dkt. 16). In both Motions, Petitioner argues Respondent has failed to provide legal cause for Petitioner's arrest and detainment. Dkts. 11, 16. As discussed above, the Court concludes the Petition is unexhausted and recommends it be dismissed without prejudice. Accordingly, the Court recommends the

1 | Motion to Rule on the Petition (Dkt. 11) and Motion for Summary Judgment (Dkt. 16) be denied
2 | without prejudice as moot.

3 | **CONCLUSION**

4 | The Court recommends the Petition be dismissed without prejudice. No evidentiary
5 | hearing is necessary, and a certificate of appealability should be denied. All other pending
6 | motions (Dkts. 11, 16) should be denied as moot without prejudice. Pursuant to 28 U.S.C. §
7 | 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this
8 | Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result
9 | in a waiver of those objections for purposes of de novo review by the district judge. *See* 28
10 | U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the
11 | clerk is directed to set the matter for consideration on July 26, 2019, as noted in the caption.

12 | Dated this 2nd day of July, 2019.

David W. Christel
United States Magistrate Judge